Joiinson, Ch.
The complainant is the widow of the defendant’s testator, and the case when divested of immaterial circumstances is this: The testator was in his life time and after his marriage with the complainant, seized in fee of a house and lot in Charleston, which he sold for $5,400; and I collect from the brief that the complainant waving her right to recover her dower in the.premises, *126 prays to be paid, its value out of the proceeds of the sales which are in the hands of the defendant. In the progress of the cause an order was made, by consent, that a writ for the admeasurement of dower should issue in pursuance of the act of 1786, (1 Brev. Dig. 270;) and the commissioners to whom it was directed made a return in which they assessed the value of her dower, at one-ninth part of the purchase money with the interest thereon from the time of the death of her husband. The complainant excepted to this return, and moved to set it aside, on the ground that in law she is entitled to the one-third of the interest arising from the proceeds of the sale for life. This exception was overruled in the Circuit Court, and the return of the commissioners confirmed.
The appeal from this decision involves the enquiry, what is the true measure of the complainant’s right of dower?
By the common law, when the estate of which the widow was to be endowed, was capable of division, the one-third part was assigned to her; and when, from its nature, it was incapable of division, as a mill, the third measure of toll was assigned to her for life. But our act of 1786, before referred to, authorizes the commissioners to admeasure and assign the dower, or to assess a sum of money in lieu thereof to be paid by the party in possession, when the estate could not, in their judgment, be divided without prejudice; and something like a rule has been adopted by the Court to regulate the assessment. By this, an ordinary life is estimated at seven years; and it will be found that the interest on the fee simple value of the one-third part for seven years, approximates very nearly to one-sixth part of the entire value of the estate; and that is the rule that is generally adopted in practice, varied, of course, by the circumstance, whether the particular life was above or below the ordinary standard. In Russell v. Gee, (2 Mills’ Rep. Const. Court, 254,) the value of the land, at the time of alienation, was adopted on the assessment of dower; but the Court of Chancery then exercising an independent jurisdiction, adopted the value at the time the right of dower accrued; and to obviate this inconsistency, and to establish an uniform rule, was the well known object of the act of 1824, which provides that when the husband has aliened the land in his life time, the value of the land *127 at the time of alienation, with the interest, should be taken as the true value. (See act of that year, p. 24.) The act of 1825, (see p. 20,) provides, that the interest shall he computed from the time the right of dower accrued, and not from the time of alienation.
It is apparent that none of these acts were intended, nor can they be construed to operate to diminish the measure or value of the widow’s dower. They were only intended to regulate the mode of admeasuring or assigning it, when the estate was capable of division, and of ascertaining its value when it was not; the dower remains as at the common law, and it is obvious that the rule which substitutes the value of seven years purchase, or one-sixth part of the fee simple value, when, as in this case, the widow has survived, and her dower has been withheld for a longer time, was intended to operate prospectively only, and in anticipation of what might afterwards occur, and not to divest ascertained rights. Nor can it apply where the measure of value can be ascertained with certainty. Here the fund to be substituted in lieu of dower is money. The interest of the complainant, ascertained by the act of 1825, is the annual interest of on e-third of the amount from the death of her husband, up to the present time, and to complete the measure of her renunciation, it ought to be continued during her life. When it is practicable, nothing short of this will satisfy the law; and it is only in those cases where it is impracticable, that a sum in gross ought to be substituted.
The right of the complainant to pursue this remedy, and to ask remuneration for her dower, out of the proceeds of the sales, has not been questioned; but it is objected that having elected to take her writ of dower she is concluded by the assessment of the commissioners. This objection cannot prevail. In the first place, the return of the commissioners must necessarily be under the control of the Court. There would be great defect of justice if the Court had not the power of correcting their errors, irregularities, or par-tialities; and to shew that they have fallen into error here, it is only necessary to state, that the sum assessed by them, falls short of the amount of the interest which has already accrued; and, in the second place, the writ itself is utterly inconsistent with, and wholly inapplicable to the case. The writ directs the commissioner to enter *128 on tbe premises and to admeasure and assign to the complainant her dower therein, and in the alternative to assess a sum of money in lieu thereof, if it cannot he done without prejudice to the parties. Now, the purchaser, the person in possession, is not a party to these proceedings, and from their character an actual admea-surement of dower is not contemplated; and the measure of the complainant’s remuneration may be ascertained by the proper application of the rules before laid down, without the intervention of the commissioner’s.
It is therefore ordered that the writ for tho admeasurement of dower issued in the cause, and the return of the commissioners should be set aside; and it is also further ordered, that the commissioner do examine and report the value of the complainant’s dower, according to the principles of this decree, and whether it will be to the interest of the parties that a portion of the fund should be invested to meet the accruing dower, or that a gross sum should be paid in lieu thereof.